UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-80215-WM

James Cecchini and
Albert Oppedisano,

                Plaintiffs,

v.

Cetera Financial Group, Inc., and
First Allied Holdings, Inc.,

                Defendants.
_____/

FILED BY KJZ D.C.
May 21, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DE 129]**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss ("Motion"). [DE 129]. The motion is fully briefed and the matter is ripe for review. For the reasons that follow, the Court denies the Motion.

### **I. Factual Background as Alleged in the Second Amended Complaint**

This case concerns two former employees, Plaintiffs James Cecchini and Albert Oppedisano, of Legend Group Holdings, LLC ("Legend"), a financial investment firm. Legend hired Plaintiffs to help establish the firm's 403(b) retirement savings plan market in New York. [DE 118 at ¶ 9]. Legend recruited Plaintiffs by allowing them to establish their own branch offices under a Legend program called the Legend Advisor Financial Security Program ("LAFSP" or "the Program"). [DE 118 at ¶¶ 11–16]. The Program also permitted participants to "retire on active duty" which allowed them to maintain their active securities licenses and entitled them to certain payments called "override percentages," albeit at a reduced rate, but required the "retired" employees to retire their books of business and not pursue additional clients. *Id.*

Plaintiffs both chose to retire on active duty from Legend in 2001 and began receiving their

override payments. [DE 118 at ¶¶ 18–19]. Legend's ownership changed hands in 1999 and 2012, but it continued to pay out override payments to Plaintiffs. [DE 118 at ¶¶16, 21–23]. However, shortly thereafter, Legend was again sold for a third time, this time to Defendant First Allied Holdings, Inc. ("First Allied"). [DE 118 at ¶ 23]. First Allied is owned and controlled by Defendant Cetera Financial Group ("Cetera"). [DE 118 at ¶ 24].

On September 12, 2016, Legend notified Program participants that it was terminating the LAFSP, effectively immediately, because Legend determined that the LAFSP was "no longer supported by regulatory guidance." [DE 118 at ¶ 26; DE 118-2]. Legend's notice stated that "[t]o the extent you are receiving overrides on any such accounts, be assured that you will continue to receive these overrides as long as you remain appropriately licensed." *Id*. The notice was drafted by non-party Adam Antoniades, an officer of Cetera and First Allied, along with Cetera's counsel and others, and allegedly sent "at Cetera's and/or First Allied's direction." [DE 118 at ¶¶ 27–29]. Plaintiffs maintained active securities licenses and continued to receive overrides. [DE 118 at ¶¶ 18, 31].

Legend was then sold yet again in January 2017, this time by Defendants to Lincoln Investment Capital Holdings, LLC ("Lincoln"). [DE 118 at ¶ 30]. Nonetheless, from September 2016 to approximately July 2017, Plaintiffs continued to receive the override payments. However, on July 14, 2017, Lincoln notified Plaintiffs that "after due consideration," it determined that "there was no basis for past or ongoing payments to [LAFSP participants] of overrides," thus, "effective immediately, no further payments of these overrides will be made." [DE 118 at ¶ 31]

Plaintiffs brought the matter to arbitration against Lincoln only, [DE 129-1], where Lincoln's President, Mr. Ed Forst, testified that the LAFSP "had been cancelled before Lincoln closed on the transaction to purchase Legend" from Defendants First Allied and Cetera, and

2

further, that the September 12, 21016 letter "was completely at Cetera's direction" and that Cetera had required Legend to terminate the Program prior to closing. [DE 118 ¶ 33]. This litigation followed.

## II. Procedural History

Plaintiffs initially filed this lawsuit against Cetera Financial Group, Inc., First Allied Holdings, Inc., Legend Group Holdings, LLC, Lincoln Investment Capital Holdings, LLC, Adam Antoniades, and Edward Forst, Jr. on February 13, 2019. [DE 1]. Plaintiffs then filed an Amended Complaint, which dropped the Lincoln and Legend Defendants and Defendant Adam Antoniades, leaving only Cetera Financial Group, Inc. and First Allied Holdings, Inc. as defendants. [DE 23].

On May 28, 2019, Defendants filed a motion to dismiss the Amended Complaint. [DE 38]. On October 28, 2019, after Defendants' motion to dismiss became ripe, Plaintiffs filed a motion seeking leave to file a Second Amended Complaint. [DE 91]. The Court granted the motion and Plaintiffs filed their Second Amended Complaint. [DE 118]. The pending Second Amended Complaint, to which Defendants' Motion is directed, contains one claim of tortious interference with business relations (Count One) and one claim of tortious interference with contract (Count Two).

## III. Legal Standard

Fed. R. Civ. P. 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must accept the factual allegations in the complaint as true and decide whether the allegations "raise a right to relief above a speculative level." *Id*. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "This rule does not 'impose a probability requirement at the pleading stage.' Instead, the standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc*., 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## IV. Analysis and Discussion

The Second Amended Complaint asserts one claim of tortious interference with business relations (Count One) and one claim of tortious interference with contract (Count Two). Under Florida law,[1] a claim for both tortious interference with a contract and tortious interference with business relations requires (1) "the existence of a business relationship between the plaintiff and a third person . . . under which the plaintiff has legal rights"; (2) the defendant's knowledge of that contract or business relationship; (3) "an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform"; and (4) damages. *Seminole Tribe of Fla. v. Times Pub. Co*., 780 So. 2d 310, 315 (Fla. 4th DCA

---

[1] Federal courts sitting in diversity jurisdiction apply the law of the forum state when deciding claims originating in state law. *See Goodwin v. George Fischer Foundry Sys., Inc*., 769 F.2d 708, 711 (11th Cir. 1985); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

2001); *Coach Servs., Inc. v. GTE Directories Corp.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (applying Florida law); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Defendants argue that the Second Amended Complaint should be dismissed because Plaintiffs failed to plead the necessary elements that (1) Defendant intentionally interfered with the relationship, and caused the third-party to not perform, and/or (2) Plaintiffs suffered damages. Alternatively, Defendants assert the affirmative defense of collateral estoppel.

The Court finds that Plaintiffs have sufficiently pleaded all elements of the causes of action against Defendants. The Second Amended Complaint alleges that Plaintiffs were notified that the LAFSP, the program that authorized the override payments, would be terminated by letter dated September 12, 2016. [DE 118 ¶ 26]. Plaintiffs allege that the September 12, 2016 letter was produced at the behest of Defendants, and thus Defendants caused Lincoln not to perform. The allegation is well-pleaded, and the Court credits it as true for purposes of this motion.[2] [DE 118 ¶ 29]. Additionally, regarding the July 2017 letter, Plaintiffs allege that "[t]he purported reason basis (sic) to stop payment of the overrides was Legend's termination of the [LAFSP] at the direction of Defendants prior to the sale to Lincoln[.]" [DE 118 ¶ 32]. Thus, while the September 2016 letter did not terminate the Plaintiffs' override payments, the allegations, viewed in the aggregate, allow the Court to draw an inference that the cancellation of the LAFSP on September 12, 2016, laid the groundwork for the cancellation of the override payments and the subsequent July 2017 letter.

The Second Amended Complaint contains sufficient factual matter to survive a motion to dismiss. Plaintiffs' claims have facial plausibility and permit this Court to draw the reasonable

---

[2] Plaintiffs also alleged that the "President of Lincoln Investment Planning, LLC has testified under oath" in support of this allegation. [DE 118 ¶ 33].

inference that the Defendants are liable for the misconduct alleged. In essence, Plaintiffs claim that Defendants caused the wrongful termination of the LAFSP and the payments due to Plaintiffs under that program. [DE 118, ¶¶ 26-29; 31-33; DE 118-3, ¶¶ 38-41, 44-46]. The facts alleged by Plaintiffs are sufficient to raise a reasonable expectation that discovery will reveal evidence of the required elements.

The Court also finds that Plaintiffs have adequately pleaded that they suffered damages as a result of Defendants' conduct. Based upon the inferential link between the September 2016 letter—drafted at the behest of the Defendants—and the cancellation of the override payments in July, 2017, and based upon other allegations in the Second Amended Complaint, Plaintiffs have sufficiently alleged that their damages were caused by Defendants.

For the foregoing reasons, Plaintiffs have adequately pleaded all essential elements of tortious interference with business relations and tortious interference with contract. The Court has carefully considered and evaluated the Defendants' arguments as to why this case should be dismissed; however, the Court deems the arguments raised by Defendants should not be resolved on a motion to dismiss. Rather, they are better resolved upon a full record at summary judgment or trial.

The Court will now address Defendants' alternative argument; i.e., that Plaintiffs' claims are barred by the doctrine of collateral estoppel. As foundation for this argument, Defendants attached several documents to their Motion, including Exhibit A, a Statement of Claim from a prior FINRA arbitration; Exhibit B, the award from the FINRA arbitration; and, Exhibit C, excerpts of Ed Forst's testimony. Plaintiffs argue that it is procedurally inappropriate for the Court to consider these documents, as they are not included within, or attached to, the Second Amended Complaint. Plaintiffs reason that the collateral estoppel argument is based entirely on these

documents, thus it must be rejected.

The Eleventh Circuit has held "[o]rdinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc*., 500 F.3d 1276, 1284 (11th Cir. 2007). The court however, has "recognize[d] an exception, ... in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id*. (citing *Harris v. Ivax Corp*., 182 F.3d 799, 802 n. 2 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1368–69 (11th Cir. 1997)).

In this case, the Court declines to consider the extraneous documents at this early juncture. First, it is not clear to the Court whether the contents of the documents are, or are not, in dispute. Second, Plaintiffs made no allegation related to the FINRA Statement of Claim or the FINRA award. Accordingly, those documents will not be considered on a motion to dismiss. While Plaintiffs briefly referenced the Forst testimony, that testimony appears to be cited to bolster the allegation that Defendants caused the LAFSP to be terminated, which ultimately terminated the payments due to Plaintiffs under that program. The Court finds such testimony does not qualify as an exception to the general rule that the Court is limited to the Complaint and the documents attached thereto when considering a motion to dismiss. Plaintiffs' reference to the Forst testimony was that the "President of Lincoln Investment Planning, LLC has testified under oath that [the LAFSP was terminated at the behest of Defendants.]" [DE 118 ¶ 33]. This is somewhat cumulative of other allegations in the Complaint, such as, for example, that contained in the preceding paragraph: "[t]he purported reason basis (sic) to stop payment of the overrides was Legend's termination of the [LAFSP] at the direction of Defendants prior to the sale to Lincoln[.]" [DE 118

7

¶ 32].

The Court finds that the issue of collateral estoppel is best dealt with on a full record at the time of summary judgment or trial. *See Cope v. Bankamerica Hous. Serv., Inc.*, 2000 WL 1639590, at *4 (M.D.Ala. Oct.10, 2000) (discussing *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir.1982)) (collateral estoppel is an affirmative defense that typically should be raised in an answer pursuant to Rule 8(c), rather than in a motion to dismiss pursuant to Rule 12(b)(6)). Accordingly, the Court rejects Defendants' collateral estoppel argument at this early stage of the litigation.

## V. Conclusion

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss the Second Amended Complaint [DE 129].

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of May, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge